IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CIVIL NO.  3:24-CR-98 |
| | : | |
| Vs. | : | |
| | : | (JUDGE MANNION) |
| | : | |
| LAWRENCE MALACHEFSKI | : | |
| | : | |
| Defendant | : | |
| | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Lawrence Malachefski, by and though his counsel, Lawrence J. Kansky, Esquire, respectfully submits this sentencing memorandum, for consideration prior to his sentencing on one (1) count of wire fraud under 18 U.S.C. § 1343. Mr. Malachefski's actions involve the misappropriation of approximately $1,586,557.45 from his employer, Engineered Building Systems (EBS). This memorandum seeks to provide a comprehensive perspective on Mr. Malachefski's personal circumstances, his path to accountability, and the broader context of his offense, to assist the Court in crafting a fair and just sentence.

## I. Background and Personal History

Lawrence Malachefski was born on November 30, 1984, in Kingston, Pennsylvania. His early years were marked by significant personal and financial challenges. Raised in a single-parent household after his parents' divorce, Mr.

Malachefski's upbringing was characterized by financial instability. His father's gambling problems and subsequent departure left his mother, who worked tirelessly to support the family, in a precarious situation.

From a young age, Mr. Malachefski exhibited a sense of responsibility and maturity. At 16, he began working part-time as a dietary aide and cook at a local nursing home to contribute to the family income. Despite the heavy burden of these responsibilities, Mr. Malachefski managed to balance his work with his academic pursuits. His early work experiences instilled in him a strong work ethic and a sense of responsibility that would shape his future professional endeavors.

After high school, Mr. Malachefski pursued higher education while juggling multiple jobs. He worked as a deli clerk, sheet metal worker, and later in various accounting roles, all while studying for his accounting degree. This perseverance paid off, as Mr. Malachefski was eventually able to obtain a permanent position as Assistant Controller, then Controller at the reputable company of Engineered Building System (EBS).

Mr. Malachefski's role as a Controller demonstrated his capability and commitment to his profession. He was well-regarded in his field, and he possessed a clean criminal record. Mr. Malachefski was on track for a promotion to Chief Financial Officer (CFO), and to receive a possible seven (7) figure bonus. His career

trajectory was marked by diligence and competence, reflecting his ability to rise above his difficult circumstances.

A. Description of the Offense

Mr. Malachefski's criminal offense involved the diversion of approximately $1,586,557.45 from employer EBS's accounts over a period of several months. This was a non-violent white-collar crime, and aberrant conduct for first time offender, Mr. Malashefski. The illegally obtained funds were primarily used to support an online casino gambling addiction that he had developed. This fraudulent activity began on March 21, 2023, and continued until Mr. Malachefski reported himself to his bosses on June 12th and 13th, 2023.

It was the realization of the gravity of his actions that caused Mr. Malachefski to voluntarily disclose every detail of his misconduct to his employer. He cooperated fully with the subsequent investigation and promised to make restitution. This voluntary disclosure and cooperation by Mr. Malacherfski are indicative of his full acknowledgment of illegal wrongdoing and his strong commitment to rectifying the situation.

B. Remorse and Remediation

Mr. Malachefski has shown genuine remorse and remediation for his illegal actions, by apologizing both verbally and in writing to EBS, by immediately seeking professional help for his gambling addiction, by making a concerted effort to repair

the harm caused by his actions, by fully cooperating with investigations and legal proceedings, and by providing truthful information to assist in asset recovery.

Importantly, Mr. Malachefski has been able to voluntarily cease all forms of gambling, through therapy and support groups such as Gambling Anonymous, to ensure that he never makes such a serious and harmful mistake against anyone including himself, ever again.

C. <u>Impact on Victims</u>

The harmful impact on the victim company, EBS, has been significant. The misappropriated funds were crucial to the EBS's operations, and the breach of trust has had far-reaching effects on the organization. Mr. Malachefski fully acknowledges the severity of this impact and the distress it has caused the company, both financially and in terms of eroded internal trust. Mr. Malachefski has demonstrated a sincere commitment to addressing his illegal wrongdoing by making earnest efforts to repay the stolen funds and by voluntarily disclosing every detail of his actions to EBS. These actions reflect Mr. Malachefski's deep awareness of the harm he caused and his sincere dedication to making amends.

D. <u>Restitution Efforts</u>

As of April 30, 2024, Mr. Malachefski has made a restitution payment in the amount of $101,649.00, to the Clerk of Courts, who will turn this over to the former owner of EBS, Mr. Mathew Martin, immediately after sentencing.  This partial

restitution reflects Mr. Malachefski's commitment to mitigate the financial harm caused by his actions. In addition, the IRS has notified Mr. Malachefski that he has a 2023 tax refund in the amount of $723,422.00, which can be used immediately to make further restitution in this case.  If by the Court's Order, this said tax refund is reclassified as "illegal money", then according to IRS statements to Malachefski this tax refund will go directly to EBS company. Currently, Mr. Malachefski works for insta cart to continue his efforts to make restitution in this case.

E. <u>Family Health Status</u>

Mr. Malachefski's family has mutual love and support between him, his wife, young son, and elderly mother. Mr. Malachefski's family health circumstances have been challenging, and while they may have contributed to his current situation, they also require his constant help.  His wife, diagnosed with ADHD, anxiety, and depression, requires ongoing care, medication, and active daily support of Mr. Malachefski. His young son, who has been diagnosed with educational ADD, will also be tested for autism. This condition requires continuous intervention and the active daily support of Mr. Malachefski.

Mr. Malachefski's mother is battling breast cancer, a situation that has required significant emotional and practical support from him. His own health issues include chronic skin conditions and a family history of diabetes and cancer.

F. Advisory Guideline Range

The criminal offense of Wire Fraud, 18 U.S.C. § 1343, carries a maximum sentence of not more than 20 years of imprisonment and/or a fine up to $3,173,114.90. The Specific Sentencing Guidelines recommendation for Mr. Malachefski, based on a total offense level of 20 and a criminal history category of I, is for an imprisonment range of 33 to 41 months.

## II. Argument

A. Case Law

The Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), rendered the sentencing guidelines advisory rather than mandatory. This shift allows judges to consider the unique circumstances of each case when determining an appropriate sentence. Therefore, this Court is empowered to weigh the guidelines alongside other factors unique to Mr. Malachefski's to craft a fair and just sentence.

In United States v. Vigil, 476 F. Supp. 2d 1231 (D.N.M. 2007), the court considered collateral damage as a factor in sentencing. Mr. Malachefski's case has been subject to significant media attention, resulting in substantial collateral damage, including severe emotional and psychological stress. This collateral damage, compounded by his personal struggles that includes a gambling addiction, warrants consideration in the sentencing process.

6

The fraud guideline focuses primarily on aggregate money loss and fails to measure other factors that are an important basis for mitigating Mr. Malachefski's sentence. "By making the Guidelines sentence turn on this single factor, the Sentencing Commission ignored § 3553(a) and…...effectively guaranteed that many such sentences would be irrational on their face." United States v. Gupta, 904 F. Supp. 2d 349, 351 (S.D.N.Y. 2012).

In United States v. Adelson, what drove the Government's calculation for a sentence, more than any other single factor, as in Mr. Malachefski's case, was the inordinate emphasis that the Sentencing Guidelines place in fraud cases on the amount of actual or intended financial loss. United States v. Adelson, 441 F. Supp. 2d 506, 509 (S.D.N.Y. 2006).

Because the Sentencing Commission failed to fulfill its institutional role by not basing the fraud guideline on empirical data or national experience, this Court is free to disagree, on reasoned policy grounds, with its recommendation for Mr. Malachefski. See Spears v. United Stated, 129 S. Ct. 840, 843 (2009).

B. 18 U.S.C. § 3553(a)

The Court must impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

( C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)

In determining the particular sentence to be imposed on Mr. Malachefski, the Court must consider the above purposes, by applying the following relevant factors: the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide restitution to any victims of the offense and the need to avoid unwarranted disparities. *See*, 18 U.S.C. § 3553(a)(1)-(7).

- *Nature and Circumstances of the Offense*: Mr. Malachefski committed a serious criminal offense involving the misappropriation of funds from his employer, EBS, through fraudulent conduct. However, he has no prior criminal history, and his cooperation and efforts at restitution should be considered in balancing the seriousness of this offense when determining his sentence.

- *History and Characteristics of the Defendant*: In United States v. Howe, 543 F.3d 128 (3rd Cir. 2008), a variance in sentencing was based on a "isolated mistake" in an otherwise long and entirely upstanding life. Mr.Malachefski 's history above reflects a pattern of responsibility and dedication, marred only

8

by his recent and very short period of aberrant or poor judgement, which was greatly influenced by his personal struggle with a gambling addiction.

- *Need to Provide Restitution:* As stated previously, there is an immediate restitution amount of $101, 649.00 held by the Clerk of Courts, and an expected tax refund of $723,422.00 for further restitution. Mr. Malachefski is currently employed by Instacart, while awaiting sentencing. Mr. Malachefski sentence should reflect his efforts to make restitution.

- *Need to Avoid Unwarranted Disparities:* In <u>United States v. Carole Argo,</u> (S.D.N.Y. 2008), the Defendant was convicted of fraud, stipulated to a loss amount of $1-25 million, and sentenced to 6 months incarceration, (6% of guideline range). In <u>United States v. Richard Adelson,</u> (S.D.N.Y. 2006), the Defendant was convicted of fraud with a loss amount of $50-100 million, and sentenced to 42 months incarceration, (9% of the guideline range). In <u>United States v. Ronald Ferguson,</u> (D. Conn. 2008), the Defendant was convicted of fraud, with a loss amount of $544 million, and sentenced to 24 months incarceration (5% of guideline range). These cases indicate that Mr. Malachefski's sentence should be lower than the guideline range to ensure consistency with sentencing in other fraud cases.

- *Need for Deterrence*: While deterrence is important, a severe sentence for Mr. Malachefski will not change the deterrent effect on him, because his life has

9

already reached maximum devastation. Mr. Malachefski's excellent progress in his pre-sentence rehabilitation warrants a sentence that focuses more on his current support and his restitution efforts than on lengthy term of incarceration for rehabilitation purposes.

C.   A Downward Departure is Warranted in this Case

The guidelines in fraud cases "are patently absurd on their face" due to the "piling on of points under § 2B1.1. United States v. Parris, 573 F. Supp. 2d 506, 510 (S.D.N.Y. 2006). Research indicates that increased severity in sentencing has minimal impact on deterrence and recidivism. *See,* Francis T. Cullen et al., *Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 Prison J. 48S, 50S-51S (2011). Studies show that first-time offenders have lower recidivism rates. Id.

After considering the fraud guideline and all the relevant mitigating factors discussed above, Mr. Malachefski seeks a downward departure from the sentencing guideline. Mr. Malachefski respectfully requests a sentence of incarceration withing the range of 6 to 12 months, (with the first 1/3rd to be served in a federal prison and the second 2/3rds to be served in home confinement). Mr. Malachefski desires to self-surrender to FCI, Schuylkill Satellite Camp for low/minimum, non-violent offenders, or in the alternative, a similar prison as close to Luzerne County as possible.

### III. Character Letters and Community Health Support Documentation

Attached herein, as **"Exhibit A"**, are character letters in support of Mr. Malachefski receiving a fair sentence. Attached herein, as **"Exhibit B"**, is documentation of Mr. Malachefski's community health support.

### IV. Conclusion

In light of the above considerations, we respectfully request that the Court consider a sentence that reflects Mr. Malachefski's genuine remorse, ongoing efforts at rehabilitation, and the positive steps he has taken towards restitution. A sentence of incarceration within the range of 6 to 12 months, (with the first 1/3rd to be served in a federal prison and the second 2/3rds to be served in home confinement), will emphasize support and rehabilitation, rather than extended incarceration, and will be consistent with the principles of justice and fairness.

Date: August 14, 2024                    Respectfully submitted,

*Lawrence J. Kansky, Esquire*
Lawrence J. Kansky, Esquire
Attorney for Defendant
400 Third Ave., Ste 312
Kingston, PA 18704

# EXHIBIT "A"

Nicholas Podolak
455 Hoyt Street
Pringle, PA 18704
(570)-592-3812
nap6485@gmail.com

7 June 2024

The Honorable Judge Malachy E. Mannion
U.S. District Court Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18501-1148

Dear Judge Mannion:

I am writing this letter on behalf of my dear friend, Larry Malachefski.

I have known Larry since childhood. Growing up in adjacent towns, we were classmates from our elementary years throughout high school before developing a friendship around 2010. Since that time, I have attended various events and get-togethers with Larry, including his wedding.

Larry is a generous friend, dedicated husband, and loving father. In his own words, he is "loyal to a fault." I was stunned to learn of his personal demons on the front page of "The Times Leader."

I have met with Larry since that day. He takes full accountability for his actions. He also admits and accepts that he is a compulsive gambler. Larry has made an earnest effort to rehabilitate himself by attending weekly therapy sessions, participating in Gambler's Anonymous meetings, and abstaining from our annual Fantasy Football league.

As a former Westmoreland Club employee, I am well aware of the repercussions of an establishment serving a "Visibly Intoxicated Person." Unfortunately, I do not believe the gambling industry holds any responsibility for enabling gambling addicts. This gentleman cannot even watch his beloved San Francisco 49ers without being bombarded by a myriad of advertisements from sports betting sites.

Larry admits that he is dealing with some demons, but he is trying his best to make things right. I hope you will consider the many good qualities of the man I know before handing down his sentence.

Sincerely,


Nicholas Podolak
Special Education Teacher
Wyoming Valley West School District

June 6, 2024

Dear Honorable Judge Mannion,

I, Rev. Gerald J. Gurka, Pastor of St. John's the Baptist Church, 126 Nesbitt Street, Larksville PA. 18651, write this letter on behalf of Larry Malachefski. I have known Larry to be an exceptional husband and dedicated father. He and his outstanding family are well known by me for over the past eight years. He is the son-in-law of our parish Deacon, Frank H. Hine. I have witnessed his wedding and the baptism of his son, Rylan. He and his family are a wonderful part of our parish family, regularly attending church and volunteering for parish events. I am well aware of the current situation of why I write this letter. At length, Larry has consistently and thoroughly discussed this matter with me. He has totally accepted responsibility for his actions, is completely contrite, and desires to make proper restitution. I have found Larry to be a very honest person. This matter is obviously one of illness-- addiction, and not of wilful intent to committ fraud or harm. I do know that Larry's work ethic has substantially contributed to the current success of his workplace. I truly believe that Larry would never want to intentionally harm anyone or anything. Because this matter is majorly one of illness, I would hope that Larry's sentence will be one of understanding, compassion and help. Larry is taking every step towards accountability and wellness. I am mindful Larry is undergoing counseling and therapy several times a week. He is truly contrite and very well aware of the implications of his actions. I would prayerfully hope that the road to justice in this matter would be one that would help Larry as well as all who were affected. Larry is making wonderful progress in acknowledging the factors that trigger his illness for gambling. He is also learning how to properly control these tendencies. Therefore, I would hope that whatever decision is made concerning Larry's future, would be one that would not confine him from daily life-- but one that would assist him on his road to wellness. I prayerfully and humbly mention this in hope all that is done will bring proper healing and justice to Larry and all who were harmed. If any further information is needed, please feel free to contact me @ 570-793-6836, GJG201@AOL.COM, or at the above address. I'm deeply and prayerfully grateful for your consideration of my character reference letter. Please know of my continued prayers for all involved with this matter.


Sincerely,
Gerald J. Gurka, Pastor

Robert J. Perrin

148 Division St

Kingston, PA, 18704

perrinr76@gmail.com

April 22, 2024

To: The Honorable Judge Mannion

Dear Judge Mannion,

My name is Rob Perrin. I am a 2008 graduate of Mansfield University and have received my Masters in Education from Wilkes University in 2012. I am an alumnus of the Phi Sigma Pi National Honor Fraternity and have been an educator at the Wyoming Valley West School District for fifteen years.

I am writing this letter in support of Larry Malachefski, who is currently facing trial. Just like everyone that is close to Larry, I was shocked to hear about this court case and the potential of him serving up to 20 years in prison. I have known Larry for over thirty years and consider him one of my best friends and was the best man at his wedding. We grew up together playing mini football for the Larksville Greenwaves and later represented our community proudly as members of the Wyoming Valley West Spartans. Throughout our years of playing sports together, I have seen firsthand his unwavering commitment to integrity, sportsmanship, and leadership.

Larry has always been a role model for our team, leading by example with his determination, work ethic, and respect for others. He has earned the respect and admiration of coaches, teammates, and opponents alike through his positive attitude and exemplary behavior, both on and off the field. Larry was not the biggest person on the field and was challenged his senior year by his coach and by his teammates. From what I have seen, there were younger guys on the team that were hungry for a starting spot. We were told that all spots are open and that just because you were a starter the prior year doesn't mean your spot is guaranteed. He worked hard that year to earn a spot as a starter at defensive end. This led him to playing at the college level at Albright University, where he has was named practice player of the week on multiple occasions.

In our adult lives, I had the honor of seeing the profound love and commitment Larry has for his family, particularly his beloved son, Rylan. Larry approaches fatherhood with the same dedication and integrity that he brings to every aspect of his life. His devotion to

Rylan is palpable, and it serves as a testament to his ability for compassion, responsibility, and selflessness.  Everything that Larry does is for his son, so Rylan can have a better life than he has ever had.

Throughout our journey together, from the football fields of our youth to the milestones of adulthood, Larry has consistently exemplified the qualities of an exemplary individual. He has always been a source of strength and support for those around him, leading by example with his unwavering moral compass, integrity, and genuine kindness. He always looks towards the positive outlook on everything, especially things that go bad.

I firmly believe that the values Larry instills in his son and the love he proves in his role as a father are indicative of his character as a whole. Despite the challenges he may face, I have no doubt that Larry will approach them with the same grace, resilience, and determination that define his character.

During this most challenging period of his life, Larry has shown tremendous growth and self-reflection. A couple of months ago, he shared with me the challenges he was facing, including his struggles with mental health and addiction. However, he has taken proactive steps to address these issues. He has also sought therapy and taken the courageous step of placing his name on the Self-Exclusion list for gamblers. These actions show Larry's commitment to personal growth and his determination to overcome adversity.

It is my sincere hope that the court will take into account Larry's exemplary character and the positive impact he has had on the lives of those around him when considering his current situation. Please do not hesitate to contact me if you require any further information or clarification.


Sincerely,

Robert J. Perrin

# EXHIBIT "B"



431 Wyoming Avenue
Scranton, Pennsylvania 18503
570-880-7614 • fax: 570-209-7465
tpals.net

Individual's Name: Larry Malachefski

Admission Date: 06/23/2023

ID# CONFIDENTIAL

DOB: 11/30/1984

June 24, 2024

To Whom It May Concern,

Larry  Malachefski  presented for treatment on 06/23/23. After our initial screening process, it was determined that Mr. Malachefski is eligible and appropriate for our outpatient program. He meets the diagnosis criteria for gambling disorder (F63.0) . Together we reviewed his history, scheduling, and goals for treatment. We discussed and created a comprehensive treatment plan and schedule to appropriately meet his recovery needs.

Mr. Malachefski remained compliant with his treatment recommendations and has successfully compled as of 6/24/24, and continues to remain abstinent from gambling behaviors. If additional information is needed, we can be reached at 570-820-0529 or athompson.7@outlook.com, physical address 100 N Wilkes Barre Blvd. Wilkes Barre Pa, 18702.

Respectfully,

Ashley Thompson



431 Wyoming Avenue
Scranton, Pennsylvania 18503
570-880-7614 • fax: 570-209-7465
tpals.net

Individual's Name: Larry Malachefski

Admission Date: 06/23/2023

ID# CONFIDENTIAL

DOB: 11/30/1984


April 29, 2024

To Whom It May Concern,

Larry Malachefski presented for treatment on 06/23/23. After our initial screening process, it was determined that Mr. Malachefski is eligible and appropriate for our outpatient program. He meets the diagnosis criteria for gambling disorder (F63.0). Together we reviewed his history, scheduling, and goals for treatment. We discussed and created a comprehensive treatment plan and schedule to appropriately meet his recovery needs.

Mr. Malachefski remained compliant with his treatment recommendations and is eligible for successful completion on 6/23/24, and continues to remain abstinent from gambling behaviors. If additional information is needed, we can be reached at 570-820-0529 or athompson.7@outlook.com, physical address 100 N Wilkes Barre Blvd. Wilkes Barre Pa, 18702.

Respectfully,

Ashley Thompson

Scranton Chapter GA Room

April 28, 2024

Kansky Law Offices LLC
400 Third Ave., Suite 312
Kingston, PA 18704

Attn:  Attorney Lawrence J. Kansky

Dear Attorney Kansky:

This letter is submitted on behalf of Larry Malachefski, by the Scranton Chapter Gamblers
Anonymous room, confirming that Larry has maintained a practice of regular participation in
weekly GA meetings in our room, by phone (which is an approved method of participation in
our meetings), including on all of the following dates:

June 18 and 25, 2023,
July 2, 9 and 16, 2023,
August 6, 20, and 27, 2023,
September 3, 10, 17 and 24, 2023,
October 1, 8, 15, 22 and 29, 2023,
November 5, 12, 19, and 26, 2023,
December 3, 10, 17 and 24, 2023,
January 14, 21, and 28, 2024,
February 4, 18, and 25, 2024,
March 3, 10, 17 and 24, 2024, and
April 7, 14, 21 and 28, 2024.

This letter is submitted for use by or on behalf of Larry, to confirm his demonstrated consistent,
enthusiastic and meaningful participation in the Scranton Chapter Gamblers Anonymous room.

Thank you

Electronic Signature/Matt K.,
Scranton GA Room Secretary

Electronic Signature/Joe S.,
Scranton GA Room Past Secretary and current 12-plus year member

April 12, 2024

Kansky Law Offices LLC
400 Third Avenue, Suite 312
Kingston, PA  18704

RE:  Lawrence Malachefski

Dear Attorney Kansky,

In response to your request dated April 10, 2024, listed below are the dates that Lawrence Malacheski
attended the meetings held by the Waverly Chapter of Gamblers Anonymous.  Meetings are held every
Wednesday night in the meeting room located at the Waverly United Methodist Church, 105 Church St,
Waverly, Pennsylvania.  The date of the first meeting which Larry attended was June 13, 2023.

> June 13, 21, 28
> July 5, 12, 19
> August 2, 9, 16, 23, 30
> September 6, 13, 27
> October 4, 11, 18, 25
> November 1, 8, 15, 22, 29
> December 6, 13, 20, 27
> January 3, 10, 17, 24, 31
> February 7, 21, 28
> March 6, 13, 20, 27
> April 3, 10

Sincerely yours,

Janice R.,
Secretary

JoAnn C.
Treasurer