

U.S. Department of Justice

GERARD M. KARAM
United States Attorney
Middle District of Pennsylvania
Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| William J. Nealon Federal Building | Ronald Reagan Federal Building | Herman T. Schneebeli Federal Building |
|---|---|---|
| 235 N. Washington Avenue, Suite 311 | 228 Walnut Street, Suite 220 | 240 West Third Street, Suite 316 |
| P.O. Box 309 | P.O. Box 11754 | Williamsport, PA 17701-6465 |
| Scranton, PA 18503-0309 | Harrisburg, PA 17108-1754 | (570) 326-1935 |
| (570) 348-2800 | (717) 221-4482 | FAX (570) 326-7916 |
| FAX (570) 348-2037/348-2830 | FAX (717) 221-4493/221-2246 | |

August 16, 2024

The Honorable Malachy E. Mannion
United States District Judge

    Re: *United States v. Lawrence Malachefski*, No. 3:24-CR-98

Dear Judge Mannion:

    I write concerning the sentencing hearing presently scheduled for defendant Lawrence Malachefski ("Malachefski") on August 26, 2024. As there are no outstanding objections to the PSR, I write only to offer the Government's view of the appropriate sentence to be imposed in the case. Please accept this letter in lieu of a more formal sentencing memorandum.

    Malachefski's offending involved the theft of over $1.5 million, which he stole from his employer in relatively large chunks over a period of just a few months. Malachefski accomplished this by abusing the position of trust that he held within his company. In so doing, he caused significant disruption to the entire company and significant personal grief to the individual owners. And while his conduct appears to have been animated and accelerated by a gambling addiction, if Malachefski was not also motivated, at least in part, by greed and the desire to live beyond his means, he'd be the first person in history to steal $1.5 million and spend it all on selfish pursuits who wasn't.

As was emphasized throughout the defense submission, Malachefski has no prior criminal history. And while this is not an unimportant consideration, even in the face of the gravity of his offense, it is also a consideration that has already been well factored into the calculation of his guideline range. That guideline range places him at a suggested term of imprisonment of 33 to 41 months.

Malachefski invites the Court to consider a much more modest sentence of 6 to 12 months, with only a fraction of it actually served in a traditional prison setting. He cites a few out-of-district cases where the defendants stole millions and received relatively modest sentences. A better sampling of more comparable cases and their sentencing outcomes (all fraud cases prosecuted within the last several years in the MDPA) is set forth below.[1]

Like Malachefski, none of the defendants in the below cited cases, with the exception of defendant Larry, had any criminal history whatsoever. In fairness, however, unlike several of these defendants, Malachefski was not convicted following a trial. Nor did he resolve his case just short of trial, but did so with an early, pre-indictment guilty

---

[1] *United States v. Jelen*, No. 16-CR-156 (Mannion, J.) (CEO of federal credit union sentenced to 70 months after pleading guilty to embezzling $700,000 with an intended loss of over $1.5 million); *United States v. Kamor*, No. 19-CR-54 (Munley, J.) (CPA sentenced to 84 months after pleading guilty to laundering $1.4 million in embezzled client funds); *United States v. Larry*, No. 20-CR-180 (Mannion, J.) (company insider convicted at trial sentenced to 94 months for using stolen identities to submit fraudulent warranty claims for $400,000); *United States v. Diaz*, No. 16-CR-122 (Mannion, J.) (financial advisor convicted at trial of defrauding investors out of over $3.5 million sentenced to 210 months). *United States v. Abrams*, No. 22-CR-190 (Mannion, J.)(CEO of clean energy company convicted at trial of investment fraud sentenced to 72 months). *United States v. Latoski*, No. 22-CR-344 (Mannion, J.)(director of accounting at for-profit education institute sentenced to 48 months after pleading guilty to siphoning off close to $2 million in employer funds).

plea that came on the heels of only minimal contact with law enforcement. This willingness to accept responsibility early and readily suggests an appreciation for the wrongfulness of his conduct not present in most of the cited cases that, in turn, may suggest a reduced likelihood of reoffending (assuming of course that Malachefski is able to keep his gambling addiction under control).

Finally, the Government would be remiss if it did not point out one other consideration that may suggest some degree of relative leniency may be appropriate here, namely, the fact that while the amount of loss involved in this case is very significant ($1,586,557), it is decidedly at the low end of the loss range ($1.5 million to $3.5 million) that is the main driver of Malachefski's guideline range.

For all of the aforesaid reasons, while the scope and gravity of Malachefski's offense necessitate a guideline sentence, the Government is satisfied that a sentence at the low end of the guideline range is sufficient but not greater than necessary to achieve all of the goals of sentencing.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

/s/ Jeffery St John
Assistant United States Attorney

cc: Lawrence J. Kansky, Esq. (*via* ECF)